FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 0 7 2006

JAMES N. HATTEN, Clerk
By: J. Aula
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:06-CV-2629-WSD |
| | : | |
| v. | : | |
| | : | |
| GEORGIA DEPARTMENT OF | : | CIVIL RIGHTS |
| CORRECTIONS; et al., | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

### OPINION AND ORDER

Plaintiff, Warren Skillern, presently confined at the Georgia State Prison ("GSP") in Reidsville, Georgia, has been granted leave to proceed in forma pauperis in the instant pro se civil rights action. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination. This matter is also before the Court on Plaintiff's motions to amend complaint [Docs. 19, 23, and 28] and motion for either a temporary restraining order ("TRO") or preliminary injunction [Doc. 24].

### I.   Background

On October 11, 2005, Plaintiff filed his original complaint against the Georgia Department of Corrections ("GDOC") and various GDOC employees. The Eleventh Circuit summarized Plaintiff's allegations and claims in his complaint as follows:

in December 2004, while [Plaintiff] was in protective custody, his doctors diagnosed him with having a heart attack and hospitalized him. After these doctors determined that he could not risk undergoing "invasive procedures," due to a "risk of death" relating to "genetic complications" in his family, they, instead, placed him on drug therapy. [Plaintiff's] doctors also instructed him to strictly follow this therapy "to avoid what would likely be a deadly heart attack the next time."

[Plaintiff] asserted in his complaint that, despite this instruction to strictly follow his drug therapy, and despite his complaints relating to this failure, the defendants were not providing him with his prescribed drug therapy and this failure was aggravating his heart disease. [Plaintiff] also contended that (1) the defendants had transferred him repeatedly between prison facilities within a six-month period; (2) following each of these transfers, he had required hospitalization for dehydration, fatigue, angina pectoris, and syncope episodes; and (3) "[b]ut for an apparent attempt to kill [Plaintiff]," there was no reason to transfer him.

(Eleventh Circuit's July 6, 2006, Decision at 2-3).

By Order entered October 28, 2005 [Doc. 3], this Court denied Plaintiff's motion seeking leave to proceed in forma pauperis ("IFP") and dismissed the instant action without prejudice pursuant to 28 U.S.C. § 1915(g).[1] [Doc. 3]. This

---

[1]    Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

2

Court explained in its October 28, 2005, Order that Plaintiff had filed over thirty-three civil actions, including at least three actions dismissed as frivolous.   [Doc. 3 at 2].   This Court further concluded that Plaintiff's allegations in the complaint did not demonstrate that he was "under imminent danger of serious physical injury." [Id.].   In arriving at this conclusion, this Court noted that Defendants had hospitalized Plaintiff after each prison transfer.   [Id.].   This Court, however, did not address Plaintiff's claim that Defendants had failed to provide him with prescribed drugs for his heart condition.

Plaintiff appealed the October 28, 2005, Order to the Eleventh Circuit. [Doc. 5].   The Eleventh Circuit considered, inter alia, whether Plaintiff had asserted any claims of "imminent danger of serious physical injury" in his complaint that were sufficient to demonstrate the exception to § 1915(g)'s "three strikes" provision. The Eleventh Circuit concluded that Plaintiff's claim regarding his repeated transfers between prison facilities by Defendants did not create a present "imminent danger of serious physical injury." (Eleventh Circuit's July 6, 2006, Decision at 9-10).   Accordingly, the Eleventh Circuit concluded that the "three-strikes" provision was applicable as to that claim.   (Id. at 10).

3

The Eleventh Circuit then addressed Plaintiff's claim that Defendants had failed to provide him with his prescribed drugs for his diagnosed heart condition. (Id. at 9).  After noting that this claim was not addressed in this Court's October 28, 2005, Order, the Eleventh Circuit concluded that dismissal was inappropriate under an alternate theory because Plaintiff had successfully stated an Eighth Amendment claim of deliberate indifference.  (Id. at 7-10).  Consequently, the Eleventh Circuit vacated and remanded the matter to this Court "to determine whether [Plaintiff's] remaining claim that [Defendants] are denying him prescribed drug therapy falls within § 1915(g)'s exception."  (Id. at 9-10).

By Order entered on September 11, 2006, this Court analyzed Plaintiff's allegations regarding Defendants' failure to provide him with the prescribed medication and determined that they were sufficient to demonstrate a present "imminent danger of serious physical injury." [Doc. 21 at 5].  Accordingly, the Court granted Plaintiff the opportunity to pursue in forma pauperis status despite the fact that at least three prior civil actions filed by him have been dismissed as frivolous.[2]  Accordingly, this Court will now review Plaintiff's original complaint under 28 U.S.C. § 1915A before considering his various motions.

---

[2]    In a separate Order, the Court granted Plaintiff's motion to proceed IFP.

4

## II.    § 1915A Review

Pursuant to § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

5

In his original complaint, Plaintiff claims that Defendants have acted with deliberate indifference to his serious medical needs.  The Eighth Amendment prohibits such deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need.  See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004); Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003).  Allegations of negligence or malpractice do not state a constitutional violation that is cognizable under § 1983.  Brown, 387 F.3d at 1350; McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999).

"[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay."  Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997).  Deliberate indifference may be shown by refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," or "medical care which is so cursory as to amount to no treatment at all."  McElligott, 182 F.3d at 1255 (citations omitted).

6

In its opinion remanding the case back to this Court, the Eleventh Circuit determined that Plaintiff had "stated a claim of deliberate indifference claim by asserting that (1) during his incarceration, his doctors had diagnosed him as suffering from a heart condition, and (2) the defendants were deliberately indifferent to this condition by not giving [Plaintiff] requested drug therapy that [Plaintiff's] doctors had prescribed for this condition." (Eleventh Circuit's July 6, 2006, Decision at 9-10). In light of the Eleventh Circuit's determination, and in deference to Plaintiff's <u>pro se</u> status, the Court cannot find that this Eighth Amendment claim of deliberate indifference is "clearly baseless" or "meritless." <u>Carroll</u>, 984 F.2d at 393.

In its July 6, 2006, decision, the Eleventh Circuit further determined that Plaintiff's allegations – that Defendants repeatedly transferred him between facilities within a six-month period for the purpose of killing Plaintiff – did not create a present "imminent danger of serious physical injury." (Eleventh Circuit's July 6, 2006, Decision at 8-9). The Eleventh Circuit made no determination as to whether these allegations stated a separated Eighth Amendment claim of deliberate indifference. Although not directed to do so expressly by the Eleventh Circuit, the Court considers whether these transfer allegations state a claim for relief.

7

Plaintiff does not allege that he was denied medical treatment in connection with his repeated prison transfers. Upon review of Plaintiff's original complaint, the Eleventh Circuit specifically stated that "following each of these transfers, the defendants hospitalized [Plaintiff] to treat his dehydration, fatigue, angina pectoris, and syncope episodes." (Eleventh Circuit's July 6, 2006, Decision at 9). These specific allegations in the complaint discredit Plaintiff's conclusory assertion that Defendants intended to aggravate Plaintiff's injury through repeated prison transfers. Accordingly, Plaintiff has failed to state a separate deliberate indifference claim because he does not allege facts to suggest that Defendants disregarded Plaintiff's serious medical needs in connection with the prison transfers.

## III.  Motions to Amend Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint "once as a matter of course at any time before a responsive pleading is served." Rather than submit one amended complaint, after the Eleventh Circuit remanded this case to this Court for further consideration, Plaintiff filed three motions to amend complaint  [Docs. 19, 23, and 28].

In his first motion to amend, Plaintiff seeks to add two additional defendants, GSP officials Janet Breton and Murriel Jackson. [Doc. 19]. Plaintiff alleges that Jackson retaliated against Plaintiff for filing grievances and civil actions by threatening to expose Plaintiff's police background and by transferring Plaintiff into the GSP's general population. [Id. at 2]. Plaintiff further alleges that Breton initiated the process to effect his transfer to the general population of the prison. [Id.]. Plaintiff further seeks to add to his complaint that Defendants have continually failed to provide him with his necessary heart medication, and that prison officials have interfered with the transmission of his legal mail. [Id. at 2-3].

In his second motion to amend, Plaintiff alleges that prison officials are continuing to assault Plaintiff by repeatedly transferring him from cell to cell within the GSP.[3] [Doc. 23 at 1]. Plaintiff alleges that prison officials have (1) electrically shocked Plaintiff; (2) confiscated Plaintiff's walking cane; (3) handcuffed Plaintiff in a harsh manner and dumped him on garbage cart; (4) placed Plaintiff in isolation; (5) failed to prescribe necessary heart medications;

---

[3] In a letter filed with this Court, Plaintiff complains about his movement from cell to cell as well as the prison officials "sticking their noses into [Plaintiff's] medical issues." [Doc. 20 at 1].

and (6) violated the Americans with Disability Act by not providing Plaintiff with proper accommodations. [Id. at 1-4].

In Plaintiff's third motion to amend complaint, Plaintiff seeks to assert additional allegations regarding Defendant's failure to administer the prescribed medication for his heart condition. [Doc. 28]. Plaintiff states that he does not know the identity of several prison officials who are presently denying his medication. [Id. at 2-3]. Plaintiff indicates, however, that individuals named "Dr. Jones" and "Nurse Jillman" have "failed to provide the recommended 24/7 medical observation to catch in time what the other doctors have prognosed [sic]." [Id. at 3].

This Court first considers whether Plaintiff complied with Federal Rules of Civil Procedure 18(a) and 20(a). Pursuant to Rule 18(a), a plaintiff may join "either as independent or as alternative claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Rule 20(a), in turn, allows the joinder of several parties if the claims arise "out of a single transaction, occurrence, or series of transactions" and there is a question of fact or law common to all defendants.

10

AO 72A
(Rev.8/82)

Plaintiff's proposed amendments in the first and second motions to amend allege various transactions involving new defendants that are separate and distinct from the deliberate indifference claim raised against Defendants in the original complaint.  Plaintiff cannot join these new claims and defendants in this action because they arise out of different transactions and do not involve a question of fact or law common to all defendants.  In moving to amend his original complaint as requested in his first and second amendment motions, Plaintiff effectively and improperly attempts to join claims in a creative effort to circumvent § 1915(g)'s three-strikes provision.  See Tuft v. Chaney, No. H-06-2529, 2006 WL 2247813 at *1 (S.D. Tex. 2006) (citing Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998)).  These motions to amend complaint [Docs. 19 and 23] are **DENIED**.

The primary thrust of Plaintiff's third motion to amend centers on his deliberate indifference claim asserted in the original complaint.  Plaintiff's allegations relate to prison officials' alleged continuing refusal to provide the necessary medications for Plaintiff's heart condition.  Plaintiff's allegations in the third motion to amend, therefore, are related to a series of transactions involving the failure to prescribe Plaintiff with the necessary medications for his heart

11

condition.  Because this Eighth Amendment deliberate indifference claim is

common among all defendants, Plaintiff's third motion to amend [Doc. 28] is the

kind typically envisioned by Rules 18(a) and 20(a).

In his third motion to amend, however, Plaintiff does not clearly identify the

defendants he seeks to add in connection with his deliberate indifference claim.

Further, it appears that Plaintiff seeks to assert this claim against several unknown

defendants.  Proceeding against unknown defendants is not allowed .  See Wayne

v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999).  However, the Court will

permit Plaintiff to amend his complaint with regard to his deliberate indifference

claim.  In doing so, he must clearly identify those defendants he wishes to add to

this action.

## IV.   Motion for TRO or Preliminary Injunction

Along with his various motions to amend, Plaintiff has submitted a motion

for either a TRO or preliminary injunction [Doc. 24].  To satisfy the requirements

for a preliminary injunction, a movant must demonstrate the following: "(1) a

substantial likelihood of succeeding on the merits; (2) a substantial threat of

irreparable injury if relief is denied; (3) an injury that outweighs the opponent's

potential injury if relief is granted; and (4) an injunction would not harm the public

12

interest." Gold Coast Publications, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994) (citing Tally-Ho, Inc. v. Coast Community College Dist., 889 F.2d 1018, 1022 (11th Cir. 1989)).

Preliminary injunctive relief is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements. Four Seasons Hotels and Resorts v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). The elements for a TRO are essentially the same as for a preliminary injunction, except that "[t]he motion must be supported by allegations . . . that such [irreparable] injury is so imminent that notice and hearing would be impractical if not impossible." Hernandez v. Board of Regents, 1997 WL 391800, *1 (M.D. Fla. 1997) (quoting Chase Manhattan Bank v. Dime Savings Bank of New York, 961 F. Supp. 275, 276 (M.D. Fla. 1997)).

Plaintiff asks this Court to order Defendants to: (1) cease transferring him from cell to cell because his "heart cannot take these constant transfers"; (2) "place Plaintiff back on the self administered medicine . . . program"; and (3) continue his food supplements. [Doc. 24 at 1]. Upon careful consideration, this Court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the

13

merits as to any of his claims.  Accordingly, Plaintiff's motion for either a TRO or a preliminary injunction [Doc. 24] is **DENIED**.

## V.     Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's deliberate indifference claim – to the extent that it is based on his allegations of repeated prison transfers – is **DISMISSED** pursuant to § 1915A for failure to state a claim for relief.

In light of the facts presented by Plaintiff, and in deference to his <u>pro se</u> status, the Court cannot find that the Plaintiff's deliberate indifference claim -- to the extent that it is based on his allegations that Defendants have failed to provide him with his prescribed drugs for his diagnosed heart condition – is frivolous pursuant to § 1915A.  **IT IS THEREFORE ORDERED** that **ONLY THIS DELIBERATE INDIFFERENCE CLAIM** is allowed to **PROCEED** beyond the § 1915A review.

**IT IS FURTHER ORDERED** that Plaintiff's first and second motions to amend the original complaint [Docs. 19 and 23] are **DENIED**.  Plaintiff must assert

14

those distinct claims raised in the first or second motions to amend in one or more civil rights complaints to the extent that each claim arises out of a different transaction, occurrence, or series of occurrences.[4]

**IT IS FURTHER ORDERED** that Plaintiff's third motion to amend the original complaint [Doc. 28] is **GRANTED**. Accordingly, Plaintiff is hereby **ORDERED TO AMEND** his complaint on or before December 8, 2006. The Amended Complaint shall add only those factual allegations supporting his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition; and (2) shall **CLEARLY** identify each Defendant Plaintiff alleges is responsible for filing to provide him with such medication. Any allegations or assertions unrelated to this specific deliberate indifference claim will be disregarded by the Court.

This action shall not proceed until Plaintiff files his amended complaint. Plaintiff is admonished that failure to timely submit an amended complaint which

---

[4]    Should he seek to bring separate civil rights actions, Plaintiff must be mindful that he cannot bring an action in this court IFP, absent a showing of "imminent danger of serious physical injury," because he has three strikes. See Skillern v. Carter, 2:02-CV-189-RWS at Doc. 3. In addition, Plaintiff must also be cognizant of the filing requirements set forth by Judge Story when filing civil actions in this Court. See Skillern v. Tierce, et al., 2:02-CV-106-RWS at Doc. 102.

AO 72A
(Rev.8/82)

conforms to this Court's instructions may result in dismissal of this action pursuant to this Court's Local Rule 41.3.  Should Plaintiff file an amended complaint that conforms to these instructions, this Court will issue an Order containing instructions on serving all Defendants properly identified in both the original and amended complaints.

Along with a copy of this Order, the Clerk is hereby **DIRECTED** to send Plaintiff the appropriate § 1983 form so that Plaintiff can file his amended complaint.  The Clerk is further **DIRECTED** to **RESUBMIT** this action to the undersigned promptly on or before December 8, 2006.

**IT IS SO ORDERED**, this 7th day of November, 2006.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)