FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 11 2006

JAMES N. HATTEN, Clerk
By: /s/
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN,<br>Plaintiff, | :::<br>:::<br>: | CIVIL ACTION NO.<br>1:06-CV-2629-WSD |
| v. | : | |
| GEORGIA DEPARTMENT OF<br>CORRECTIONS; et al.,<br>Defendants. | | CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Warren Skillern, presently confined at the Georgia State Prison ("GSP") in Reidsville, Georgia, has submitted the instant pro se civil rights action. On November 8, 2006 [Doc. 30], this Court granted Plaintiff's motion seeking leave to proceed in forma pauperis ("IFP Order"). This matter is before the Court on Plaintiff's motion for reconsideration [Doc. 32], Plaintiff's motion for reinstatement of a deliberate indifference claim [Doc. 33-1], Plaintiff's motion for a ruling on the amended motions [Doc. 33-2], and Plaintiff's supplemental response [Doc. 34].

In Section I of its Order and Opinion entered on November 8, 2006 ("Order and Opinion"), the Court set forth this case's rather extensive factual and procedural background. [Doc. 31 at 1-4]. That background section in the Order and Opinion is incorporated herein by reference. In screening the instant action

pursuant to 42 U.S.C. § 1915A, the Court allowed Plaintiff's deliberate indifference claims to proceed only to the extent that it is based on his allegation that Defendants failed to provide Plaintiff with his prescribed medications for his diagnosed heart condition. [Doc. 31 at 7, 14]. The Court then dismissed Plaintiff's deliberate indifference claim – to the extent that it was based on allegations of repeated prison transfers – for failure to state a claim for relief. [Id. at 8, 14].

In the Order and Opinion, the Court further denied Plaintiff's first and second motions to amend the original complaint because the claims asserted in it arose out of different transactions and did not involve a question of fact or law common to all defendants. [Id. at 11, 14]. The Court instructed Plaintiff that he "must assert those distinct claims raised in the first and second motions to amend in one or more civil rights complaints to the extent that each claim arises out of a different transaction, occurrence, or series of occurrences." [Id. at 14-15].

Finally, the Court granted Plaintiff's third motion to amend the complaint because the allegations asserted therein related to the prison official's alleged continued refusal to provide the necessary medications for Plaintiff's heart condition. [Id. at 11-12]. Because Plaintiff had failed to clearly identify the defendants responsible for failing to provide the necessary heart condition, the

2

Court instructed Plaintiff to amend his complaint as follows:

> The Amended Complaint shall add only those factual allegations supporting his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition; and . . . shall **CLEARLY** identify each Defendant Plaintiff alleges is responsible for [failing] to provide him with such medication. Any allegations or assertions unrelated to this specific deliberate indifference claim will be disregarded by the Court.

[Id. at 12, 15].[1]

Plaintiff has moved the Court to reconsider both its IFP Order and its Order and Opinion. [Doc. 32]. Plaintiff further seeks to reinstate his deliberate indifference claim based on allegations involving his repeated transfers. [Doc. 33]. As stated in the Order and Opinion, the Court only allowed one deliberate indifference claim to proceed to the extent that it is based on allegations that Defendants have failed to provide him with his prescribed medications for his diagnosed heart condition. Plaintiff has provided no coherent argument to cause the Court either to reconsider its prior rulings or to reinstate any claim previously dismissed. Accordingly, Plaintiff's motions for reconsideration and for reinstatement [Docs. 32 and 33-1] are **DENIED**.

---

[1] In the Order and Opinion, this Court ruled on all of Plaintiff's motions to amend the instant complaint. Accordingly, Plaintiff's motion for a ruling on these "amended motions" [Doc. 33-2] is **DENIED** as moot.

3

In his original complaint, Plaintiff names the following parties as defendants in this case: (1) the Georgia Department of Corrections ; (2) the Medical Contractor; and (3) Deputy Warden Paul. The Court construes Plaintiff's supplemental response [Doc. 34] as constituting his amended complaint in compliance with the Court's instructions provided in the Order and Opinion. In his amended complaint, Plaintiff identifies the Georgia Department of Corrections, Deputy Warden John Paul, and an individual named Dr. Jones as the parties responsible for failing to provide him with the prescribed heart medication. [Doc. 34 at 1].[2] Accordingly, as more fully set forth below, this action will be allowed to proceed against these three defendants.[3]

---

[2] Dr. Jones will be added as a party Defendant in this case. As stated in the Order and Opinion, Plaintiff cannot proceed against unknown defendants. See Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999). Plaintiff fails to provide any additional information identifying the Medical Contractor. Accordingly, this unknown defendant is dismissed from this action.

[3] A review of Plaintiff's supplemental response reflects that Plaintiff again makes additional allegations of retaliation unrelated to his claim for failure to provide his prescription drugs, and identifies prison officials responsible for such retaliatory conduct. Plaintiff, however, may not include this retaliation claim in the instant action because it (1) arises out of a different transaction and thus is not related to the allegations in this action involving the administration of the prescribed heart medication and (2) it does not involve a question of fact or law common to all defendants. See Fed.R.Civ.P. 18(a) and 20(a).

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions for reconsideration [Doc. 32], for reinstatement of the deliberate indifference claim involving repeated prison transfers [Doc. 33-1], and for a ruling on the amended motions [Doc. 33-2] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's supplemental response, construed as an amended complaint, is deemed filed on November 24, 2006. Those allegations in the amended complaint pertaining to prison officials' retaliatory conduct, which are unrelated to this action against the three allowed Defendants, are disregarded. These claims of retaliation may not be asserted in this action.

**IT IS FURTHER ORDERED** that Defendant Medical Contractor is **DISMISSED** from this case and that Dr. Jones is **ADDED** as a party defendant. Accordingly, Plaintiff's deliberate indifference claim – to the extent that it is based on his allegations that Defendants have failed to provide him with his prescribed drugs for his diagnosed heart condition – is allowed to **PROCEED** against the Georgia Department of Corrections, Deputy Warden Paul, and Dr. Jones.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for Defendant(s). Plaintiff is **DIRECTED**

5

to complete a USM 285 form, summons, and initial disclosures form for each Defendant properly named in the original and amended complaint, and to return them to the Clerk of Court within thirty (30) calendar days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant(s) for return of the waiver form, one (1) copy of the original and amended complaint [Docs. 1 and 34], one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for Defendant(s).

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to Defendant(s). Each

AO 72A
(Rev.8/82)

Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant(s) does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant(s). The service package must include the USM 285 form, the summons, and one (1) copy of the amended complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant(s). The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve Defendant(s) or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant(s) or his counsel. This Court shall disregard any submitted papers

which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant(s) advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this 8th day of December, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE