FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 0 8 2007

JAMES N. HATTEN, Clerk
By: C Dowla
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN,<br>Plaintiff, | : | CIVIL ACTION NO.<br>1:05-CV-2629-WSD |
| v. | : | |
| GEORGIA DEPARTMENT OF<br>CORRECTIONS; et al.,<br>Defendants. | : | CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Warren Skillern, presently confined at the Georgia State Prison ("GSP") in Reidsville, Georgia, has submitted the instant pro se civil rights action. On November 8, 2006 [Doc. 30], this Court granted Plaintiff's motion seeking leave to proceed in forma pauperis ("IFP Order"). This matter is before the Court to consider whether Plaintiff has complied with the service instructions provided in this Court's Order and Opinion entered on December 11, 2006 ("December 11, 2006, Order") [Doc. 35]. This matter is also before the Court on Plaintiff's motion for either a temporary restraining order ("TRO") or a preliminary injunction [Doc. 36], Plaintiff's motion for resolution [Doc. 37], Plaintiff's motions to amend complaint by seeking to make additional allegations and naming new defendants [Docs. 38, 40, 42, 43 and 44], Plaintiff's motion for reconsideration [Doc. 39], and motion for disclosure [Doc. 41].

AO 72A
(Rev.8/82)

This case's protracted factual and procedural background is set forth in: (1) Section I of the Court's Order and Opinion entered on November 8, 2006 ("November 8, 2006, Order"; and (2) pages one through three of the December 11, 2006, Order. [Doc. 31 at 1-4; Doc. 35 at 1-3]. The sections of these Orders are incorporated in this Order by reference.

## I.  Service

To summarize the status of this case, this Court has allowed one deliberate indifference claim – based solely on allegations of failure to provide Plaintiff with his prescribed medications for his diagnosed heart condition – to proceed against Defendants Georgia Department of Corrections ("GDOC"), Deputy Warden Paul, and Dr. Jones. [Doc. 31 at 7, 14; Doc. 35 at 4-5]. In the December 11, 2006, Order, this Court provided Plaintiff with instructions regarding the service of the complaint, as amended, on these Defendants.

Along with a copy of the December 11, 2006, Order, this Court sent Plaintiff a USM 285 form, summons, and initial disclosures form for each of the named Defendants. This Court directed Plaintiff "to complete a USM 285 form, summons, and initial disclosures form for each Defendant properly named in the original and amended complaint, and to return them to the Clerk of Court within thirty (30) calendar days from the entry date of this Order." [Doc. 35 at 5-6].

2

Plaintiff was advised that failure to comply with the Court's direction as to the completion and return of the USM 285 form and summons may result in the dismissal of this action. [Doc. 35 at 6].

Court records reflect that Plaintiff has failed to complete and return the USM 285 form, summons, and initial disclosure form for any of the named Defendants. This Court notes Plaintiff's general complaint in his motion for resolution that he is "unable to proceed because prison authorities refuse to provide the necessary means, i.e. sufficient ink, paper, envelopes, postage and access to legal material[.]" [Doc. 37 at 1]. Plaintiff's complaint is not credible considering he was able on December 18, 2006, December 26, 2006, January 3, 2007, January 29, 2007, February 5, 2007, February 12, 2007, and March 5, 2007, to file nine (9) different submissions with the Court, totaling twenty-three (23) pages. Plaintiff has not provided any explanation to excuse his failure to complete and return the service forms that he was ordered to complete and return. Accordingly,

**IT IS HEREBY ORDERED** that Defendants GDOC, Paul, and Jones are **DISMISSED WITHOUT PREJUDICE,** because Plaintiff failed to comply with a lawful order of this Court. LR 41.3(A)(2), N.D. Ga.

3

## II. Plaintiff's motions

Rather than comply with the Court's service instructions in the December 11, 2006, Order, Plaintiff has filed five (5) new motions. Many of these recent motions, more fully discussed below, are overlapping and frivolous. This Court has noted in an order issued in a previous action filed by the Plaintiff, that Plaintiff is habitual in his abuse of the Court process by his repetitive submissions of frivolous motions. (Skillern v. Georgia State Prison, 1:06-CV-0589-WSD ("Skillern"), Docket Entry 12 at 6). After reviewing each of Plaintiff's currently pending motions, this Court exercises its discretion to impose further strict instructions on how this case will proceed. These more restrictive orders are, regrettably, necessary to curb Plaintiff's recurrent, escalating abuse of process in the instant case and his willingness to burden the court generally with groundless and abusive actions.[1]

### A. Motion for TRO or Preliminary Injunction

Plaintiff has submitted a second motion for a TRO or, alternatively, a preliminary injunction. [Doc. 36]. In its November 8, 2006, Order, this Court

---

[1] In addition to clarifying the restrictions on Plaintiff's ability to submit civil actions, this Court admonished Plaintiff in Skillern "that this Court will consider further restrictions on his ability to file in the event that Plaintiff continues to abuse this Court's process in this and other civil actions filed by Plaintiff." (Skillern, Docket Entry 12 at 6).

4

denied Plaintiff's first motion for either a TRO or preliminary injunction. [Doc. 31 at 13-14]. Plaintiff raises the same or similar allegations in support of his pending motion. Accordingly, Plaintiff's second motion for either a TRO or a preliminary injunction [Doc. 36] is **DENIED** for the reasons stated in the November 8, 2006, Order. [See Doc. 31 at 13-14].

B. Motion for Resolution

In his motion for resolution, Plaintiff expresses his dissatisfaction with this Court's handling of this and other civil actions he has filed. [Doc. 37]. Plaintiff also provides more information concerning the severity of his heart condition. [Id.]. Finally, Plaintiff challenges this Court to prosecute him for perjury. [Id.]. Considering the motion as a whole, it is unclear what "resolution" Plaintiff seeks with respect to the instant motion. Plaintiff's motion for resolution [Doc. 37] is **DENIED**.

C. Motion for Reconsideration

In his motion for reconsideration, Plaintiff again seeks to reinstate his deliberate indifference claim based on allegations involving his repeated transfers. [Doc. 39]. In its November 8, 2006, Order [Doc. 31], this Court determined that Plaintiff had failed to state a deliberate indifference claim based on transfers within the correctional system. [Doc. 31 at 8]. In its December 11, 2006, Order, this

5

Court refused Plaintiff's initial attempt to reinstate this claim. [Doc. 35 at 3]. Plaintiff does not assert any new or further argument to cause this Court to reconsider its prior rulings. Plaintiff's motion for reconsideration [Doc. 39] is **DENIED**.

D.     Motion for Disclosure

In his motion for disclosure, Plaintiff summarily contends that this Court has not accepted as true Plaintiff's allegations for purposes of allowing his deliberate indifference claim to proceed beyond the 28 U.S.C. § 1915A screening "and has inappropriately contacted Defendants and/or their associates and acquired ex parte and/or one-sided information, intended to confute [sic] Plaintiff's allegations." [Doc. 41 at 1]. Plaintiff asks the Court to provide Plaintiff with the names of these defendants and their associates. [Id.]. Plaintiff does not provide evidence to support his suspicions and accusations, and his motion for disclosure [Doc. 41] is **DENIED**.

E.     Plaintiff's Motions to Amend Complaint

Plaintiff has filed several motions, which the Court construes as motions to amend complaint, seeking to assert additional allegations and to name new defendants. [Docs. 38, 40, 42, 43 and 44]. Plaintiff's motions to amend are **GRANTED** only to the extent that Plaintiff's allegations may be amended to

6

include new defendants who Plaintiff claims are liable on his deliberate indifference claim that defendants failed to provide Plaintiff with his prescribed drugs for his diagnosed heart condition or facts which relate to the claimed denial of medication. Fed.R.Civ.P. 15(a). As more fully instructed below, this Court will permit Plaintiff an opportunity to file a single amended complaint that sets forth these allegations and clearly identifies those defendants he wishes to add to this action.

In preparing his amended complaint, Plaintiff is instructed that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions . . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (internal citations omitted). Courts, therefore, may impose legitimate restraints on abusive filers but may not impermissibly restrict a prisoner's constitutional right of access to the courts. Id. at 1072.

This Court finds that Plaintiff's repeated, escalating abuse of the Court process in this case by filing repetitive and frivolous motions justified this Court's imposition of further filing restrictions. Indeed, as fully set forth below, Plaintiff is

7

given only one opportunity to file a proper amended complaint. If Plaintiff persists in filing additional frivolous and repetitive motions, this Court will consider whether to impose restrictions and sanctions in this case, including the possible dismissal of this case with prejudice. See Federal Rule of Civil Procedure 41(b) (authorizes a district court to dismiss a complaint for failure to obey a court order, federal rule, or local rule); DiNardo v. Palm Beach County Circuit Court Judge, 199 Fed.Appx. 731, 735 (11th Cir. 2006) (explaining that "[a] court may dismiss a case with prejudice based on either [Rule] 41(b), or the court's inherent power to manage its docket.").

### III. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Georgia Department of Corrections, Deputy Warden Paul, and Dr. Jones are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with this Court's service instructions provided in its December 11, 2006, Order. See LR 41.3(A)(2), N.D. Ga.

**IT IS FURTHER ORDERED** that Plaintiff's motions for either a TRO or a preliminary injunction [Doc. 36], motion for resolution [Doc. 37], motion for reconsideration [Doc. 39], and for disclosure [Doc. 41] are **DENIED**.

8

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend complaint by seeking to make additional allegations and naming new defendants [Docs. 38, 40, 42, 43 and 44] are **GRANTED**. Accordingly, Plaintiff is hereby **ORDERED TO AMEND** his complaint on or before April 2, 2007. The Amended Complaint shall (1) add only those factual allegations supporting his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition; and (2) shall **CLEARLY** and **SPECIFICALLY** identify each new Defendant Plaintiff alleges is responsible for failing to provide him with such medication. Any allegations or assertions unrelated to this specific deliberate indifference claim will be disregarded by the Court.

**IT IS FURTHER ORDERED** that this action shall **NOT** proceed any further until Plaintiff files his Amended Complaint. Plaintiff is admonished that failure to timely submit an Amended Complaint on or before April 12, 2007, which conforms to this Court's instructions may result in dismissal of this action pursuant to this Court's Local Rule 41.3, N.D. Ga. If Plaintiff files an Amended Complaint that conforms to these instructions, this Court will issue an Order containing specific instructions on serving each new Defendant properly identified in the Amended Complaint. If Plaintiff persists in filing frivolous and repetitive motions

9

AO 72A
(Rev.8/82)

in addition to the Amended Complaint, this Court will consider whether to impose sanctions, including dismissal of this case with prejudice.

Along with a copy of this Order, the Clerk is hereby **DIRECTED** to send Plaintiff the appropriate § 1983 form so that Plaintiff can file his Amended Complaint. The Clerk is further **DIRECTED** to **RESUBMIT** this action to the undersigned promptly on or before April 2, 2007.

**IT IS SO ORDERED**, this 8th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE