FILED IN CLERK'S OFFICE

AUG 3 1 2007

JAMES N HATTEN, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN,<br>Plaintiff, | : <br> . <br> . | CIVIL ACTION NO<br>1.05-CV-2629-WSD |
| v | : <br> : | |
| GEORGIA DEPARTMENT OF<br>CORRECTIONS: et al .<br>Defendants. | : | CIVIL RIGHTS<br>42 U.S C § 1983 |

### ORDER AND OPINION

Plaintiff, Warren Skillern, presently confined at the Georgia State Prison

("GSP") in Reidsville. Georgia, has submitted the instant pro se civil rights action.

On November 8, 2006, this Court granted Plaintiff's motion seeking leave to

proceed in forma pauperis ("IFP Order")  [Doc 30]  This matter is before the

Court on Plaintiff's motions for reconsideration [Docs  47, 50]. Plaintiff's affidavit

in support of a second motion for either a temporary restraining order or an

emergency preliminary injunction [Doc. 48]. Plaintiff's notice of filing preliminary

issues [Doc  49]. Plaintiff's motion for a "Martinez Report" [Doc  51]. and

Plaintiff's notice of filing supplemental information [Doc. 52].

This case's rather protracted factual and procedural background has been

exhaustively set forth in  (1) Section I of the Court's Order and Opinion entered on

November 8, 2006 ("November 8. 2006, Order"; and (2) pages one through three

of the December 11, 2006, Order [Doc 31 at 1-4, Doc. 35 at 1-3]. These sections in both Orders are incorporated by reference herein.

To summarize the status of this case, this Court has allowed one deliberate indifference claim – based solely on allegations of failure to provide Plaintiff with his prescribed medications for his diagnosed heart condition – to proceed against Defendants Georgia Department of Corrections ("GDOC"), Deputy Warden Paul, and Dr. Jones. [Doc. 31 at 7, 14, Doc 35 at 4-5]. In the December 11, 2006, Order, this Court provided Plaintiff with instructions regarding the service of the complaint as amended on these Defendants

Along with a copy of the December 11, 2006, Order, this Court sent Plaintiff a USM 285 form, summons, and initial disclosures form for each of the named Defendants. This Court then directed Plaintiff "to complete a USM 285 form, summons, and initial disclosures form for each Defendant properly named in the original and amended complaint, and to return them to the Clerk of Court within thirty (30) calendar days from the entry date of this Order." [Doc 35 at 5-6]. Plaintiff was advised that failure to comply with the Court's direction as to the completion and return of the USM 285 form and summons may result in the dismissal of this action. [Doc 35 at 6]

2

Court records reflect that Plaintiff failed to complete and return the USM 285 form, summons, and initial disclosure form for any of the named Defendants. Rather than comply with the Court's service instructions in the December 11, 2006, Order, Plaintiff filed several repetitive and frivolous motions [See Docs 36, 37, 39, and 41]. Plaintiff also submitted several motions to amend complaint, seeking to present new allegations and name new defendants. [See Docs. 38, 40, 42, 43, and 44]

By Order entered on March 8, 2007, the Court dismissed Defendants GDOC, Paul, and Jones without prejudice due to Plaintiff's failure to comply with a lawful order of this Court. [Doc 46 at 3] The Court further denied each of Plaintiff's repetitive and frivolous motions [Id at 4-6] Finally, the Court granted Plaintiff's motions to amend complaint "only to the extent that Plaintiff's allegations may be amended to include new defendants who Plaintiff claims are liable on his deliberate indifference claim that defendants failed to provide Plaintiff with his prescribed drugs for his diagnosed heart condition or facts which relate to the claimed denial of medication " [Id at 6-7].

In permitting Plaintiff an opportunity to file a single, amended complaint [Id. at 7], the Court explained that its power and obligation in carrying out its Article III functions include preventing a single litigant from "unnecessarily encroaching

3

on the judicial machinery needed by others " Procup v. Strickland 792 F.2d 1069,

1073-74 (11th Cir. 1986) The Court found, therefore, that

> Plaintiff's repeated, escalating abuse of the Court process in this case
> by filing repetitive and frivolous motions justified this Court's
> imposition of further filing restrictions. Indeed, as set forth below,
> Plaintiff is given one opportunity to file a proper amended complaint
> If Plaintiff persists in filing additional frivolous and repetitive
> motions, this Court will consider whether to impose restrictions and
> sanctions in this case, including the possible dismissal of this case
> with prejudice  See Federal Rule of Civil Procedure 41(b) (authorizes
> a district court to dismiss a complaint for failure to obey a court order,
> federal rule. or local rule); DiNardo v  Palm Beach County Circuit
> Court Judge, 199 Fed Appx  731, 735 (11th Cir  2006) (explaining
> that "[a] court may dismiss a case with prejudice based on either
> [Rule] 41(b), or the court's inherent power to manage its docket.")

[Id  at 7-8]  Accordingly. this Court ordered Plaintiff to file an amended

complaint

> on or before April 2, 2007.  The Amended Complaint shall (1) add
> only those factual allegations supporting his deliberate indifference
> claim based on the failure to provide him with his prescribed drugs for
> his diagnosed heart condition; and (2) shall **CLEARLY** and
> **SPECIFICALLY** identify each new Defendant Plaintiff alleges is
> responsible for failing to provide him with such medication  Any
> allegations or assertions unrelated to this specific indifference claim
> will be disregarded by the Court.

[Id  at 9].

Despite the Court's warning of additional sanctions, including dismissal

with prejudice. Plaintiff has submitted another set of mostly repetitive and

frivolous filings in lieu of filing an amended complaint in compliance with the

4

AO 72A
(Rev 8/82)

Court's March 8, 2007, Order.. Specifically, Plaintiff has filed two motions for reconsideration, including one seeking reconsideration of the March 8, 2008, Order [Docs 47, 50], an affidavit in support of a second motion for either a temporary restraining order or an emergency preliminary injunction [Doc 48], a notice of filing preliminary issues [Doc. 49], a motion for "Martinez Report" [Doc. 51], and a notice of filing supplemental information [Doc. 52].

As one example of filing a frivolous motion, Plaintiff provides no basis to support his motion for a "Martinez Report," in which he seeks a "Court authorized investigation and report by [GSP] prison officials so as to develop a record sufficient to ascertain whether there are any factual or legal basis" for Plaintiff's claims. [Doc 51 at 2]  Any such request, construed liberally as one for discovery, is premature in that no defendants have been served with Plaintiff's complaint or otherwise appeared in this case  Likewise, Plaintiff raises no cogent arguments to cause this Court to grant Plaintiff's motion to reconsider its rulings in its March 8, 2007, Order

In a separate motion for reconsideration. Plaintiff again seeks to reinstate various claims involving alleged retaliation by GSP officials  [Doc 47 at 1-2]. The Court, however, has previously ruled that these retaliation claims could not be

5

joined in the instant action   [Doc. 31 at 11]   The Court later ruled that any claims

of retaliation may not be asserted in the instant action.  [Doc  35 at 5]

Upon careful review of Plaintiff's motion for reconsideration, however, the

Court finds that one of Plaintiff's retaliation claims relates to his deliberate

indifference claim based on the alleged failure to provide Plaintiff with his

prescribed medications for his diagnosed heart condition   [Doc  47 at 1-2].

Specifically, Plaintiff asserts that certain GSP prison officials have retaliated

against Plaintiff for filing grievances and this civil action challenging the denial of

his prescribed medication   [Id.]  Because this claim has a sufficient nexus to

Plaintiff's underlying deliberate indifference claim, this Court will permit Plaintiff

an opportunity to present this precise retaliation claim in the instant action along

with the underlying claim of deliberate indifference

As more fully detailed below, Plaintiff shall have one final opportunity to

file a proper amended complaint setting forth his related deliberate indifference and

retaliation claims.  Due to Plaintiff's repeated abuse of the Court process in this

case by filing repetitive and frivolous motions, Plaintiff will be subject to strict

filing restrictions in submitting his amended complaint.  If Plaintiff fails to abide

by these restrictions set forth below, this Court will dismiss this action with

prejudice.  See Federal Rule of Civil Procedure 41(b) (authorizes a district court to

6

dismiss a complaint for failure to obey a court order, federal rule, or local rule), DiNardo v. Palm Beach County Circuit Court Judge, 199 Fed.Appx. 731, 735 (11th Cir. 2006) (explaining that "[a] court may dismiss a case with prejudice based on either [Rule] 41(b), or the court's inherent power to manage its docket ")

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions for reconsideration of the March 8, 2007, Order , and for a "Martinez Report [Docs  50, 51] are **DENIED**

**IT IS FURTHER ORDERED** Plaintiff's separate motion for reconsideration [Doc  47] is **GRANTED** only to the extent that Plaintiff may present his retaliation claim that relates directly to his underlying deliberate indifference claim.  Plaintiff's separate motion for reconsideration [Doc  47] is **DENIED** in all other respects.

Accordingly, Plaintiff is hereby **ORDERED TO AMEND** his complaint on or before Friday, September 28, 2007.  The Court **DIRECTS** that Plaintiff must set forth the title, or style, of his pleading as "Plaintiff's Amended Complaint "  The Amended Complaint shall add only those factual allegations supporting (1) his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition, and (2) his claim that GSP officials have retaliated against Plaintiff for filing grievances and this civil action

7

challenging the demal of his prescribed medication.  Plaintiff shall **CLEARLY**

identify each Defendant Plaintiff alleges is responsible for failing to provide him

with such prescribed medication or for retaliating against Plaintiff.  Finally,

Plaintiff must **CLEARLY** state the relief he seeks in connection with these two

claims

**IT IS FURTHER ORDERED** that this action shall proceed no further until

Plaintiff files his Amended Complaint.  Should Plaintiff file an Amended

Complaint that conforms to these instructions, this Court will then issue an Order

containing specific instructions on serving each new Defendant properly identified

in the Amended Complaint.  However, pursuant to  Rule 41(b), Local Rule 41 3,

and the Court's inherent power to manage its docket, the instant action **WILL BE**

**DISMISSED WITH PREJUDICE** if: (1) Plaintiff makes any allegations or

assertions in "Plaintiff's Amended Complaint" that are unrelated to the specific

deliberate indifference and retaliation claims allowed by this Court; (2) Plaintiff

files any pleading or motion with the Court, either in response to this Order or until

the Court issues service instructions to Plaintiff. other than his Amended

Complaint, or (3) Plaintiff fails to submit the his amended complaint in a timely

fashion   In other words, the instant action will be dismissed with prejudice if

Plaintiff fails to file an Amended Complaint that conforms to each of the Court's

AO 72A
(Rev 8/82)

strict instructions or files any pleading or motion in addition to or in place of his

Amended Complaint

The Clerk of Court is **DIRECTED** to **RESUBMIT** this action to the

undersigned promptly on September 28, 2007

**IT IS SO ORDERED**, this 31st day of August, 2007.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev 8/82)