FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 26 2008

JAMES N. HATTEN, Clerk
By g. Aumbaugh
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN,<br>Plaintiff, | : | CIVIL ACTION NO.<br>1:05-CV-2629-WSD |
| v. | : | |
| GEORGIA DEPARTMENT OF<br>CORRECTIONS; et al.,<br>Defendants. | : | CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Warren Skillern, presently confined at the Georgia State Prison ("GSP") in Reidsville, Georgia, has submitted the instant pro se civil rights action. On November 8, 2006, this Court granted Plaintiff's motion seeking leave to proceed in forma pauperis ("IFP Order"). [Doc. 30]. This matter is before the Court on Plaintiff's motion to reopen the case [Doc. 56-1] and for reconsideration of certain motions previously denied by the Court. [Doc. 56-2].

This case's rather protracted factual and procedural background has been exhaustively set forth in: (1) Section I of the Court's Order and Opinion entered on November 8, 2006 ("November 8, 2006, Order"; and (2) pages one through three of the December 11, 2006, Order. [Doc. 31 at 1-4; Doc. 35 at 1-3]. These sections in both Orders are incorporated by reference herein. As set forth in those Orders, this Court allowed one deliberate indifference claim -- based solely on allegations

AO 72A
(Rev.8/82)

of failure to provide Plaintiff with his prescribed medications for his diagnosed heart condition – to proceed past the 28 U.S.C. § 1915A frivolity review. [Doc. 31 at 7, 14; Doc. 35 at 4-5]. In the December 11, 2006, Order, this Court provided Plaintiff with instructions regarding the service of the complaint as amended on certain named defendants.

Thereafter, in addition to ignoring this Court's instructions regarding service of the complaint as amended, Plaintiff has filed numerous frivolous and repetitive motions as well as several motions to amend the complaint. By Order entered on March 8, 2007, this Court allowed Plaintiff an opportunity to amend his complaint, explaining that:

> [i]n preparing the amended complaint, Plaintiff is instructed that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions . . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Procup v. Strickland 792 F.2d 1069, 1073-74 (11th Cir. 1986) (internal citations omitted). Courts, therefore, may impose legitimate restraints on abusive filers mut may not impermissibly restrict a prisoner's constitutional right of access to the courts. Id. at 1072.
>
> This Court finds that Plaintiff's repeated, escalating abuse of the Court process in this case by filing repetitive and frivolous motions justified this Court's imposition of further filing restrictions. Indeed, as set forth below, Plaintiff is given one opportunity to file a proper amended complaint. If Plaintiff persists in filing additional frivolous and repetitive motions, this Court will consider whether to impose restrictions and sanctions in this case, including the possible dismissal

2

of this case with prejudice. See Federal Rule of Civil Procedure 41(b) (authorizes a district court to dismiss a complaint for failure to obey a court order, federal rule, or local rule); DiNardo v. Palm Beach County Circuit Court Judge, 199 Fed.Appx. 731, 735 (11th Cir. 2006) (explaining that "[a] court may dismiss a case with prejudice based on either [Rule] 41(b), or the court's inherent power to manage its docket.").

[Doc. 46 at 7-8]. Accordingly, this Court ordered Plaintiff to file an amended complaint:

> on or before April 2, 2007. The Amended Complaint shall (1) add only those factual allegations supporting his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition; and (2) shall **CLEARLY** and **SPECIFICALLY** identify each new Defendant Plaintiff alleges is responsible for failing to provide him with such medication. Any allegations or assertions unrelated to this specific indifference claim will be disregarded by the Court.

[Id. at 9].

Despite the Court's warning of additional sanctions, including dismissal with prejudice, Plaintiff submitted another set of mostly repetitive and frivolous filings in lieu of filing an amended complaint in compliance with the Court's March 8, 2007, Order. [See Docs. 47, 48, 49, and 52]. Nevertheless, by Order entered on August 31, 2007, this Court granted one of Plaintiff's motions for reconsideration to the extent that it permitted Plaintiff an opportunity to present a claim of retaliation that related to his underlying deliberate indifference claim. [Doc. 53 at 7]. This Court explained:

3

As more fully detailed below, Plaintiff shall have one final opportunity to file a proper amended complaint setting forth his related deliberate indifference and retaliation claims. Due to Plaintiff's repeated abuse of the Court process in this case by filing repetitive and frivolous motions, Plaintiff will be subject to strict filing restrictions in submitting his amended complaint. If Plaintiff fails to abide by these restrictions set forth below, this Court will dismiss this action with prejudice . . . .

. . .

Accordingly, Plaintiff is hereby **ORDERED TO AMEND** his complaint on or before Friday, September 28, 2007. The Court **DIRECTS** that Plaintiff must set forth the title, or style, of his pleading as "Plaintiff's Amended Complaint." The Amended Complaint shall add only those factual allegations supporting (1) his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition; and (2) his claim that GSP officials have retaliated against Plaintiff for filing grievances and this civil action challenging the denial of his prescribed medication. Plaintiff shall **CLEARLY** identify each Defendant Plaintiff alleges is responsible for failing to provide him with such prescribed medication or for retaliating against Plaintiff. Finally, Plaintiff must **CLEARLY** state the relief he seeks in connection with these two claims.

**IT IS FURTHER ORDERED** that this action shall proceed no further until Plaintiff files his Amended Complaint. Should Plaintiff file an Amended Complaint that conforms to these instructions, this Court will then issue an Order containing specific instructions on serving each new Defendant properly identified in the Amended Complaint. However, pursuant to Rule 41(b), Local Rule 41.3, and the Court's inherent power to manage its docket, the instant action **WILL BE DISMISSED WITH PREJUDICE** if: (1) Plaintiff makes any allegations or assertions in "Plaintiff's Amended Complaint" that are unrelated to the specific deliberate indifference and retaliation claims allowed by this Court; (2) Plaintiff files any pleading or motion with the Court, either in response to this Order or until the Court

4

issues service instructions to Plaintiff, other than his Amended Complaint; or (3) Plaintiff fails to submit the his amended complaint in a timely fashion.  In other words, the instant action will be dismissed with prejudice if Plaintiff fails to file an Amended Complaint that conforms to each of the Court's strict instructions or files any pleading or motion in addition to or in place of his Amended Complaint.

[Id. at 6-9].

Because Plaintiff failed to submit an amended complaint in response to the August 31, 2007, Order, the Court dismissed the instant action with prejudice pursuant to Rule 41(b), Local Rule 41.3, and the Court's inherent power to manage its docket.  [Doc. 54 at 5].  The Court explained that Plaintiff's failure to submit an amended complaint:

> is the latest example of his contumacious conduct in willfully ignoring Court orders and delaying the disposition of this case through numerous repetitive and frivolous motions.  Plaintiff's persistent abuse of the Court process in this case, especially in the wake of the clear warnings and instructions contained in the August 31, 2007, Order, justifies the imposition of the sanction of dismissal with prejudice in this case.  See Fed.R.Civ.P. 41(b); DiNardo, 199 Fed.Appx. at 735.  The Court further finds that any lessor sanctions will not suffice to curb Plaintiff's penchant for inundating the Court with numerous frivolous and repetitive motions and for failing to comply with Court orders.

[Id.].

On December 20, 2007, Plaintiff submitted the instant motion to reinstate this action.  [Doc. 56-1].  Plaintiff asserts that he was unable to respond to recent

5

orders entered by this Court due to a "blocking" order entered by the Honorable B. Avant Edenfield in the United States District Court for the Southern District of Georgia. [Id. at 1]. Court records reflect that on May 23, 2007, Judge Edenfield entered an order directing the State "to block all Skillern mail to *any* federal (but not state) court." In re Skillern, Case No. 6:06-MC-001 (S.D. Ga. 2007) (emphasis in original). Plaintiff indicates that Judge Edenfield's "blocking" order was terminated on November 30, 2007. [Doc. 56 at 1].

In light of Judge Edenfield's May 23, 2007, order, this Court finds that Plaintiff's ability to respond to the August 31, 2007, Order, may have been unduly hampered. This Court, therefore, will grant Plaintiff's motion to reopen this case [Doc. 56-1] so that he may have his final opportunity to file an amended complaint in accordance with this Court's detailed instructions in the August 31, 2007, Order. This Court will repeat and clarify those instructions below.

Plaintiff also seeks reconsideration of various motions denied in the Court's Order on March 8, 2007. In that Order, this Court denied, inter alia, Plaintiff's motions for a temporary restraining order, for resolution, and for reconsideration with respect to the dismissal of a deliberate indifference claim based on allegations involving his repeated transfers. [Doc. 46 at 4-6]. Plaintiff, however, fails to set forth any basis to cause this Court to reverse its rulings in the March 8, 2007,

6

Order. As set forth in the August 31, 2007, Order and clarified below, this Court will dismiss the instant action with prejudice if Plaintiff persists in filing such repetitive and frivolous motions.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to reopen the case [Doc. 56-1] is **GRANTED**, and the instant action is **REOPENED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of certain motions previously denied by the Court [Doc. 56-2] is **DENIED**.

Accordingly, Plaintiff **SHALL HAVE** one final opportunity to file a proper amended complaint setting forth his related deliberate indifference and retaliation claims. Due to Plaintiff's repeated abuse of the Court process in this case by filing repetitive and frivolous motions, Plaintiff is subject to strict filing restrictions in submitting his amended complaint. Plaintiff is **ORDERED TO AMEND** his complaint on or before Friday, April 18, 2008. The Court **DIRECTS** that Plaintiff must set forth the title, or style, of his pleading as "Plaintiff's Amended Complaint." The Amended Complaint shall add only those factual allegations supporting (1) his deliberate indifference claim based on the failure to provide him with his prescribed drugs for his diagnosed heart condition; and (2) his claim that GSP officials have retaliated against Plaintiff for filing grievances and this civil

7

action challenging the denial of his prescribed medication. Plaintiff shall **CLEARLY** identify each Defendant Plaintiff alleges is responsible for failing to provide him with such prescribed medication or for retaliating against Plaintiff. Finally, Plaintiff must **CLEARLY** state the relief he seeks in connection with these two claims.

**IT IS FURTHER ORDERED** that this action shall proceed no further until Plaintiff files his Amended Complaint. Should Plaintiff file an Amended Complaint that conforms to these instructions, this Court will then issue an Order containing specific instructions on serving each new Defendant properly identified in the Amended Complaint. However, pursuant to Rule 41(b), Local Rule 41.3, and the Court's inherent power to manage its docket, the instant action **WILL BE DISMISSED WITH PREJUDICE** if: (1) Plaintiff makes any allegations or assertions in "Plaintiff's Amended Complaint" that are unrelated to the specific deliberate indifference and retaliation claims allowed by this Court; (2) Plaintiff files any pleading or motion with the Court, either in response to this Order or until the Court issues service instructions to Plaintiff, other than his Amended Complaint; or (3) Plaintiff fails to submit the his amended complaint in a timely fashion. In other words, the instant action will be dismissed with prejudice if Plaintiff fails to file an Amended Complaint that conforms to each of the Court's

strict instructions or files any pleading or motion in addition to or in place of his Amended Complaint.

The Clerk of Court is **DIRECTED** to **RESUBMIT** this action to the undersigned promptly on April 18, 2008.

**IT IS SO ORDERED**, this 26th day of March, 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)